IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

THOMAS E. GONZALES,

      Plaintiff,

v.

CORINTHIAN COLLEGES, INC., and
CORINTHIAN COLLEGES, INC. d/b/a EVEREST UNIVERSITY ONLINE,

      Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

      Plaintiff, Thomas E. Gonzales, by and through his attorneys, James L. Abrams and Robert L. Allman, for his Complaint against the above-named Defendants, Corinthian Colleges, Inc. and Corinthian Colleges, Inc. d/b/a Everest University Online (collectively referred to as "Corinthian" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

      Plaintiff was sexually harassed and discriminated against due to his gender, and was retaliated against for asserting his legally protected rights.

### JURISDICTION, VENUE AND PRELIMINARY STATEMENT

      1.    This action is, *inter alia,* one for gender discrimination, sexual harassment, and retaliation.

2.      This action is brought under Title VII of the Civil Rights Act of 1964 (Title VII).

3.      Jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question) and venue is proper pursuant to 28 U.S.C. §1391 since the Plaintiff is a resident of Colorado and the Defendant has an agent or agents, and/or transacts its affairs in Colorado.

4.      Corinthian Colleges, Inc. is registered with the Colorado Secretary of State and authorized to transact business in this State, being subject to service of process in Colorado as a foreign corporation.  Everest University Online, upon information and belief, is a trade name owned and utilized by Corinthian Colleges, Inc. and has no registration with the Colorado Secretary of State.

5.      Plaintiff is an employee and Corinthian is an employer under Title VII.

6.      Plaintiff is an employee of Corinthian and was assigned to the Everest University Online office, however his paychecks, amount of pay, and the control of his activities were directed by Corinthian, whose office space housed the Everest University Online offices.

7.      Corinthian utilized the name Everest University Online in its operations including regarding the employment of Plaintiff and Everest University Online was at all times pertinent hereto a division of Corinthian, fully controlled by Corinthian.

8.      At all times pertinent to this action, Corinthian is an integrated enterprise with Everest University Online with operations so intertwined that they are considered the single employer of the Plaintiff.  Corinthian is the actual and apparent employer of Plaintiff, which controlled and directed Plaintiff and the others at this site.  Corinthian

and its division, Everest University Online, share management services, policy manuals, share payroll and other services, share use of office space and facilities, and operate as a single unit.  There is a central source of authority for personnel policy, records maintenance, with centralized authority, and there is centralized control of operational matters, including centralized control of labor relations, all controlled and owned by Corinthian Colleges, Inc.

9.      Alternatively, in the event it is determined that Corinthian and Everest University Online are separate entities for any reason, or not an integrated enterprise, then Corinthian is vicariously liable for the actions of Everest University Online, an entity or division it owns, controls and directs, and which acts as its agent or apparent agent, and Corinthian had the power to and did direct Plaintiff in his work, with power to terminate, discipline or control Plaintiff and his work.  Corinthian Colleges, Inc. is liable for its own discriminatory conduct and that of Everest University Online which it permitted and sanctioned, including the sexual harassment, discipline and termination of Plaintiff, and retaliation directed towards him.

10.      Plaintiff's discrimination and termination were orchestrated, directed, and controlled by Corinthian, leading to his termination in retaliation for his complaints of sexual harassment, gender discrimination, and hostile work environment.

## ADMINISTRATIVE PROCEDURES

11.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency regarding the alleged sexual harassment, discrimination, and retaliatory conduct by Defendant, and at

all times Corinthian d/b/a Everest University Online, was on notice of the claim and was represented as one in the EEOC, and able to participate in investigation, resolution and claims processing procedures.

12.     Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant on January 8, 2013, and this action is timely filed.

13.     Plaintiff has satisfied all requirements in order to bring this action, and Title VII has no administrative exhaustion requirement.

## FACTUAL ALLEGATIONS

14.     Plaintiff, Thomas E. Gonzales, was hired by Defendant on March 22, 2010 to work as an Administrative Assistant at Corinthian at its Everest University Online offices in Colorado Springs, Colorado.

15.     Plaintiff was fired on December 20, 2011 as a result of his being sexually harassed, discriminated against due to his gender, and in retaliation for seeking to protect his legal rights.

16.     Plaintiff was sexually harassed beginning in September 2010 by his immediate supervisor, Christina Bauer, who made sexual advances towards him and, when these were rejected by Plaintiff, he was subjected to a hostile work environment.

17.     After lodging a complaint, he was harassed by management, written up, and forced to take a new assignment.

18.     Plaintiff was performing his job satisfactorily.  He had a friendly working relationship with his supervisor until about September 2010 when he turned down her

sexual advances and told her he was not interested in a relationship with her.  After that she stopped communicating with him directly.  Plaintiff was the victim of a quid pro quo situation created by the supervisor who punished him for refusing her sexual advances and in retaliation for reporting her behavior.

19.     In November 2010, Plaintiff went to the Regional Director of Finance of Corinthian about his concerns and was referred to Human Resources.   When he complained to Human Resources, he was told that his supervisor was working on a write-up for him.   He was subsequently placed on a Performance Improvement Plan (PIP).

20.     The PIP made Plaintiff ineligible for promotion.   At the same time, Plaintiff's supervisor was promoted.

21.     Plaintiff discovered in April 2011 and on other occasions after that date that his female co-workers were being interviewed in an attempt to collect information about him that could be used to fire or discipline Plaintiff, including whether Plaintiff was having an affair or affairs.

22.     In June 2011 Plaintiff was written up for performance by a director of the registrar department who was a colleague and friend of the former supervisor, and who did so to assist in justifying termination.

23.     Plaintiff went to Human Resources to explore other jobs in August 2011.

24.     Plaintiff was then told by the registrar director that he had to write a new Standard Operating Procedure for the registrar to get information for verifying high school diplomas or GED of candidates Plaintiff was not given the support he needed on

the project, and then was written up for his work on the project, claiming he was neglecting other duties, again done as a pretext by a colleague of his former supervisor, Ms. Bauer, in order to create a record to justify termination of Plaintiff's employment.

25.     After being written up on a pretext by the director, whose interest was solely to make a record to justify termination, Plaintiff accepted a transfer to Student Finance solely to hold on to a job, and the hostile work environment and harassment continued.

26.     On December 13, 2011, for example, Plaintiff was questioned about a telephone conversation he had with a co-worker and the co-worker was then questioned about her relationship with Plaintiff, which was in actuality strictly a working relationship, suggesting that Plaintiff was having some sort of sexual relationship in an effort to smear his reputation on the job, and as part of the continuing retaliation against him and the hostile work environment to which he was subjected.

27.     On December 20, 2011, Plaintiff was terminated from his position as the final act of discrimination and retaliation against him.

## FIRST CLAIM FOR RELIEF
(Sexual Harassment – Quid Pro Quo - Hostile Work Environment - Title VII)

28.     Plaintiff incorporates all prior and subsequent paragraphs as though fully set forth herein.

29.     Once Plaintiff spurned the sexual advances of his female superior in September of 2010, he was treated in a different and hostile manner compared to his co-workers, including, but not limited to the following: (a) he was criticized more often

than others; (b) he was excluded from meetings and conversations that he had previously been privy to; (c) if he spoke with a co-worker, a friend of the supervisor would ask the co-worker specifically what they had talked about in an effort to find "dirt" on him; (d) he was advised to quit his job and find other employment when he asked about promotion opportunities; (e) he was held back from promotion; (f) he was criticized for his work which was formerly praised; and (g) the co-workers who were friendly to Plaintiff were subjected to more critical treatment and, by such treatment, were encouraged not to interact with or be friendly towards Plaintiff, or were accused of having a sexual relationship with Plaintiff.  These are examples of the quid pro quo, hostile and discriminatory conduct that he experienced solely as a result of his not wanting to engage in a sexual relationship with his supervisor and for complaining to HR about the discrimination.

30.    Had Plaintiff accepted his supervisor's sexual advances, he would have been promoted and praised at work.  Plaintiff was the victim of this quid pro quo situation because he refused to enter into a sexual relationship with his female supervisor.

31.    The supervisor who made such advances to him was promoted to a different position at Corinthian, in an office on the same floor as Plaintiff, and she was able to direct the hostility and discriminatory treatment towards Plaintiff until he was finally terminated.

32.     Plaintiff was subjected to sexual harassment and a hostile work environment proximately caused by and tolerated by management of Corinthian, including his former supervisor and those directed by her, leading to his termination form his employment and he seeks all damages allowed to him pursuant to Title VII.

## SECOND CLAIM FOR RELIEF
(Gender Discrimination - Title VII)

33.     Plaintiff incorporates all prior and subsequent paragraphs as though fully set forth herein.

34.     Plaintiff was discriminated against because of his gender, as a man.

35.     Defendant favored women for its managerial positions, among other positions, and utilized discriminatory tactics by treating female employees and managers more favorably than males.

36.     Plaintiff was discriminated against as a man by being treated in an inferior manner compared to women, which was accelerated and made worse once he complained of sexual harassment by his supervisor.

37.     Had Plaintiff been a female, he would not have been sexually harassed by this supervisor, and would not have been treated more harshly for reviews and discipline, would have been allowed promotions, and would not have found himself in a quid pro quo situation.  Had Plaintiff accepted his supervisor's sexual advances, he would not have been written up, denied promotion, subjected to a hostile workplace, and terminated.

38.     Had Plaintiff been a female, he would not have been terminated from his job, as his performance was equivalent to or better than his co-employees, and he was in the minority as a male employee.

39.     Defendant's wrongful conduct violates Title VII and deprives Plaintiff of his right to be free of gender discrimination under federal law.

40.     The discrimination against Plaintiff was directed by management of Corinthian and those directed by same, including Plaintiff's former supervisor, Ms. Bauer, who was in a position of supervision as to Plaintiff's co-employees and managers and used this position to cause Plaintiff's termination of employment for pretextual reasons.

41.     Plaintiff seeks all damages as allowed pursuant to Title VII, including but not limited to, back pay, front pay, emotional distress, economic and non-economic losses, reasonable attorney fees and costs, and interest on all such amounts owed.

### THIRD CLAIM FOR RELIEF
(Discrimination or Unfair Employment Practice - Retaliation)

42.     Plaintiff hereby incorporates all previous and subsequent paragraphs as though fully set forth herein.

43.     Plaintiff complained to Corinthian of his sexual harassment, quid pro quo situation, his discrimination and unfair treatment by Defendant and was subjected to a hostile work environment and dismissal as a result of seeking to protect his rights.

44.     Corinthian took no action in remedying the situation and did no reasonable investigation of Plaintiff's complaints or to fix the problem, instead seeking to fire Plaintiff from his job.

45.     Plaintiff experienced adverse treatment, including termination of employment, in violation of Title VII, due to his efforts to seek protection under these laws, and the Defendant's conduct was retaliatory and unlawful.

46.     Plaintiff seeks all damages as allowed as a result of this unlawful retaliatory discharge in violation of his rights under Title VII.

## DAMAGES

47.     Non-Economic Damages:  Plaintiff seeks all non-economic damages and other compensatory damages as allowed, as follows:   Plaintiff will seek recovery of compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses to the extent authorized by statute.

48.     Economic Damages:  Plaintiff will seek the following general categories of damages: nominal damages, back pay, front pay, compensatory damages, relevant retroactive employer contributions required by statute, excess benefit costs [costs sustained in excess of those which would have been sustained had benefits not been lost] and all costs associated with acquiring benefits under COBRA, all penalties and fees associated with the forced surrender of all retirement accounts, punitive damages, pre-and post-judgment interest, post-judgment interest on pre-judgment interest and front pay, all professional tax or accounting fees necessary to correct prior tax filings, as

appropriate, and a separate order providing for all costs of collection, including attorneys' fees, and all statutory penalties.

49.     Other Special Damages.   In addition to wage loss, compensation for actual losses for other elements of back-pay, including without limitation: medical, disability, and health insurance benefits; life insurance benefits; pension benefits; overtime pay, holiday and vacation pay; and the amount of any increase in taxes [i.e. a "gross up"] as a result of a lump-sum payment of back pay, and such other damages as allowed.   Plaintiff may seek an award of punitive or exemplary damages or other penalties allowed by law at the maximum amount allowed by law.

50.     Plaintiff seeks payment of his allowable, reasonable attorneys' fees and costs incurred, together with interest on such amounts due.

WHEREFORE, Plaintiff prays for judgment in his favor as against Defendants, Corinthian Colleges, Inc. and Corinthian Colleges, Inc. d/b/a Everest University Online, for all damages and remedies as allowed, together with interest, costs, including expert witness fees, and reasonable attorney fees as allowed.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Respectfully submitted this 4th day of April, 2013.

ALLMAN & MITZNER, LLC

*Original signature on file*
By:   /s/   Robert L. Allman                         .
Robert L. Allman, Esq.
1775 Sherman Street, Suite 2100
Denver, CO 80203
(303) 293-9393
(303) 293-3130 (fax)
rallman@allman-mitzner.com

11

James L. Abrams, Esq.
401 Westwood Drive
Denver, Co 80206
(303) 321-6087
abramsjim@gmail.com

Attorneys for Plaintiff, Thomas E. Gonzales